United States District Court
Southern District of Texas
**ENTERED**
September 08, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCELA LINDA ARIAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-5954 |
| | § | |
| MARKWAYNE MULLIN, *et. al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

# ORDER

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order and Request for Expedited Hearing (Document No. 7). On September 8, 2026, the Court heard, in open court, the arguments of Plaintiff and Defendants regarding Plaintiff's present motion.[1]

To obtain a TRO, an applicant must satisfy the following four elements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury; (3) the threatened injury outweighs any harm the order might cause to the defendant; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). Having considered Plaintiff's motion and the arguments heard in open court, the Court finds that

[1] *See Hearing on Plaintiff's Motion for Temporary Restraining Order*, Document No. 9 at 1.

Plaintiff has met the aforementioned factors. As such, the Court finds that Plaintiff's motion should be granted.

Lastly, the Court notes that generally, the Court may issue a TRO "only if the movant gives security[.]" However, the requirement for a bond is discretionary. *See Kaepa, Inc. v. Achilles Corp*, 76 F.3d 624, 628 (5th Cir. 1996). Having considered the arguments in open court, the Court declines to require a bond with respect to Plaintiff's TRO. Therefore, the Court hereby

**ORDERS** that Plaintiff's Motion for Temporary Restraining Order and Request for Expedited Hearing (Document No. 7) is **GRANTED**. The Court further

**ORDERS** that Defendants shall take all necessary and appropriate steps to ensure Plaintiff's prompt return to the United States for the purpose of attending her September 15, 2026, hearing in Immigration Court. The Court further

**ORDERS** that Defendant shall file an advisory with the Court by Friday, September 11, 2026, not later than 1:00 PM, identifying the steps taken and remaining to facilitate Plaintiff's return. The Court further

**ORDERS** that Defendants shall not rely upon Plaintiff's absence from the United States as a basis to seek an *in absentia* removal order or other adverse consequences in her reopened removal proceedings while her return is being facilitated. The Court further

**ORDERS** that this Temporary Restraining Order shall remain in effect for fourteen days from entry unless extended in accordance with Federal Rule of Civil Procedure 65(b)(2).

SIGNED at Houston, Texas, on this 8 day of September, 2026.

DAVID HITTNER
United States District Judge