United States District Court
Southern District of Texas
**ENTERED**
September 24, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCELA LINDA ARIAS, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. H-26-5954 |
| | § | |
| MARKWAYNE MULLIN, *et. al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER

Pending before the Court is Petitioner's Emergency Motion to Enforce Temporary Restraining Order, Request for Expedited Hearing, and Alternative Request for Continuing Preliminary Injunctive Relief (Document No. 13).[1] The Court notes that Petitioner's present motion was filed on September 22, 2026, at 11:23 P.M., just thirty-seven minutes prior to this Court's Temporary Restraining Order automatically expiring at midnight.[2] Based on the foregoing, and having considered the motion, submissions, and applicable law, the Court finds that the

---

[1] The Court notes that Plaintiff's motion request, in part, that the Court "extend the existing temporary injunctive relief[.]" *Petitioner's Emergency Motion to Enforce Temporary Restraining Order, Request for Expedited Hearing, and Alternative Request for Continuing Preliminary Injunctive Relief*, Document No. 1 at 9.

[2] *See Order Granting Temporary Restraining Order*, Document No. 10 at 3 (ordering that the Temporary Restraining Order would expire on September 22, 2026).

motion should be denied in part with respect to Plaintiff's request to extend the existing TRO.

To obtain a TRO, an applicant must satisfy the following four elements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury; (3) the threatened injury outweighs any harm the order might cause to the defendant; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). A TRO may be extended by an additional fourteen days for good cause. *See* Fed. R. Civ. P. 65(b)(2). However, "[t]he order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it[.]"[3] Fed. R. Civ. P. 65(b)(2).

Here, the Court entered a TRO on September 8, 2026, ordering that "Defendants shall take all necessary and appropriate steps to ensure Plaintiff's prompt return to the United States."[4] The TRO expired on September 22, 2026, at midnight.[5] Plaintiff's present motion was not filed until only thirty-seven minutes

---

[3] The Court has considered the applicable rule and notes that Rule 65(b)(2) is absolutely clear that a TRO expires if it is not extended by the Court.

[4] *Order Granting Temporary Restraining Order*, Document No. 10 at 2.

[5] *See Order Granting Temporary Restraining Order*, Document No. 10 at 3.

prior to the TRO expiring.[6] Plaintiff's counsel did not provide this Court with any advance notice of the anticipated filing via email, phone, or any other means. Accordingly, the Court did not have any time to consider and rule on Plaintiff's motion prior to the expiration of the TRO. Because the TRO was not extended prior to expiration at midnight, the Court finds that it has expired and can no longer be extended. Accordingly, the Court finds that Plaintiff's motion should be denied in part with respect to extension of the TRO. To the extent that Plaintiff's motion seeks a preliminary injunction or any relief, the Court defers ruling on such requests pending the Defendants' response.

**ORDERS** that Petitioner's Emergency Motion to Enforce Temporary Restraining Order, Request for Expedited Hearing, and Alternative Request for Continuing Preliminary Injunctive Relief (Document No. 13) is **DENIED IN PART** with respect to Plaintiff's request to extend the TRO. The Court further

**ORDERS** that the Court **DEFERS IN PART** ruling on Plaintiff's other requests contained in the present motion, including Plaintiff's request for a preliminary injunction, pending a timely response to the motion from the Defendants.[7]

---

[6] *See Order Granting Temporary Restraining Order*, Document No. 10 at 3 (ordering that the Temporary Restraining Order would expire on September 22, 2026).

[7] *See* S.D. Tex. Local R. 7.3 (allowing 21 days to respond in opposition to a motion).

SIGNED at Houston, Texas, on this 24 day of September, 2026.

DAVID HITTNER
United States District Judge